FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 08, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICIA WEBSTER and MARK WEBSTER, individually and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>SPOKANE HOUSING VENTURE, LLC, a Washington corporation; FRED PECK, individually and the marital community comprised of FRED PECK and JANE DOE PECK,<br><br>Defendants. | NO: 2:17-CV-166-RMP<br><br>PROTECTIVE ORDER |

**1.      PURPOSE AND SCOPE OF THIS PROTECTIVE ORDER**

This Protective Order governs the designation, handling, and use of non-public information as detailed below that is produced in discovery of this litigation for which special protection may be warranted, whether by voluntary production or disclosure or in response to any formal discovery procedure.  This Protective Order does not: (i) affect any party's obligations under the Federal Rules of Civil

PROTECTIVE ORDER ~ 1

Procedure to produce documents as required by the rules of discovery and/or an Order of the Court; (ii) confer blanket protection on all disclosures or responses to discovery; or (iii) presumptively entitle any party to file information under seal.

Once entered, this Protective Order will remain in effect until such time as it is modified, amended, or rescinded by the Court.

## 2. "CONFIDENTIAL" MATERIAL, INFORMATION AND "PROTECTED DOCUMENTS"

"Confidential" material, information and "Protected Documents" includes, but is not limited to:

A. Personnel files, records, and other documents containing non-public, private, and/or personal information concerning any current or former employee of Defendant Spokane Housing Ventures. Such information includes but is not limited to contact information (mailing address, phone number, e-mail address, *etc.*), social security numbers, medical records, personal health information, and non-public payroll and other financial information (including personal identifying information and financial account information).

Good cause exists to protect the privacy rights of Spokane Housing Ventures' current and former employees at this juncture in the litigation.

B. Spokane Housing Ventures' proprietary and confidential business information which provides it with a business advantage over its competitors. This includes but is not limited to documents and information relating to matters that

PROTECTIVE ORDER ~ 2

Spokane Housing Ventures takes significant steps to protect in its daily operations by use of non-disclosure and/or confidentiality agreements with its employees (if any) and/or other measures.

Good cause exists to protect a business's proprietary and confidential business information at this juncture in the litigation.

C. Defendant Fred Peck's and his marital community's personal information. Such information includes, but is not limited to, non-public contact information, financial information, medical records, personal health information, social security number or other personal identification information, private affairs, and other personal information and documents.

Good cause exists to protect the privacy rights of Defendant Fred Peck and his marital community at this juncture in the litigation.

D. Plaintiff Patricia Webster's personal information. Such information includes, but is not limited to, non-public contact information, financial information, medical records, personal health information, social security number or other personal identification information, including private affairs not relevant to this litigation.

Good cause exists to protect the privacy rights of Plaintiff Patricia Webster at this juncture in the litigation.

"Confidential" material and information does not include any information and/or documents obtained or produced by a party outside of the context of

discovery in this litigation or that is otherwise already part of the public record as of the entry of this Protective Order. However, nothing in this Protective Order will affect the rights of any party to enforce any right that it may have regarding the confidentiality of information and/or documents that were disclosed prior to the commencement of this litigation.

"Protected Documents" are documents that contain "Confidential" material as defined above, and are marked "CONFIDENTIAL" pursuant to Paragraph 3 below. The term "Protected Documents" and "Protected Document" shall be interpreted to include both the singular and the plural.

### 3. DESIGNATING PROTECTED DOCUMENTS

Any party that is required to produce documents and/or information in discovery in this litigation may designate those materials as Protected Documents pursuant to this Protective Order. Protected Documents shall be designated by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner. The party that designates a document as a Protected Document is referred to as the "designating party."

All designations must be based on the good faith belief that the documents or information contain confidential material and information as defined in sections A, B, C, and D in this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been

made for an improper purpose (*e.g.* to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

Any document or information received through the discovery provisions of the Federal Rules of Civil Procedure that would in the good faith belief of counsel for any party constitute and/or contain Confidential material or information as defined in sections A, B, C, and D of this Order, can be designated by a party as "CONFIDENTIAL," if such request is made reasonably promptly in writing.

If it comes to the attention of the designating party that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**4. DESIGNATING DEPOSITION TESTIMONY**

Any party who has designated a Protected Document may designate the portions of any deposition transcript containing testimony about the Protected Document (and/or the Confidential material within that Protected Document) as a Protected Document itself by making a statement on the record at the deposition or other proceeding where the testimony concerns the Protected Document. Absent stipulation of the parties on the record at the deposition, the designation is subject to dispute as set forth in Paragraph 6 below.

A party may also designate portions or the entirety of a deposition transcript referencing or concerning Confidential material and/or information as a Protected Document by advising the reporter and all parties of such fact in writing within five (5) calendar days after actual receipt of the transcript by counsel for the designating party.

The party claiming that the testimony should be designated as a Protected Document shall make arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "CONFIDENTIAL" pursuant to Paragraph 3 above and to separately bind such pages as an addendum marked "CONFIDENTIAL."

Until the expiration of the 5-day period described above, the entire transcript shall be deemed to have been designated a Protected Document regardless of whether previously so designated. The reporter shall be advised to limit distribution of all transcripts to the parties and the deponent (and his/her/its attorney) until after expiration of the 5-day period. This Protective Order will not bar any person who has been called to provide testimony by deposition from reviewing his or her own deposition testimony.

**5. SUBSEQUENT DESIGNATION OF PROTECTED DOCUMENTS**

If a producing party discovers that, through inadvertence or otherwise, any document(s) that qualifies as a Protected Document has been produced without

being properly designated under this Protective Order, the producing party shall promptly notify the receiving party in writing of the error. The notification shall include an identification of the information or document(s) (by control number or some other specific form of identification), and the receiving party shall affix a stamp identifying each document or item of information so identified as "CONFIDENTIAL" (pursuant to Paragraph 3 above) unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances.

Upon correction of a designation, the receiving party(ies) must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

**6. DISPUTES AS TO PROTECTED DOCUMENT DESIGNATION**

This Protective Order is not an admission by a non-designating party that any information and/or document designated by another party as a Protected Document is in fact confidential and/or subject to the terms of this Protective Order.

The parties are expected to designate Protected Documents on a good faith basis and not for purposes of harassing a non-designating party's access to information concerning the lawsuit. If any party believes that a document, information, or other material that has been designated a Protected Document does not contain Confidential material, the objecting party shall notify the designating

party of its objection to the Protected Document designation. The parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, tangible item, or information within five (5) business days after the objecting party has provided written notice to the designating party of its objection.

If the objection is not resolved, the objecting party may file a motion for an Order permitting disclosure of any matter the objecting party asserts was improperly identified as a Protected Document. Any disputed document or other material must be treated as a Protected Document under this Protective Order until entry of a Court Order ruling otherwise.

**7.     DISCLOSURE OF PROTECTED DOCUMENTS**

Except as set forth herein or by any subsequent Court Order, no Protected Document shall be delivered, exhibited, or disclosed to any person unless done in a manner that complies with this Protective Order.

Each party's counsel shall require all persons, except those expressly identified below in Paragraph 7(A), (B), (C), (E), (F), and (H), before being given access to any Protected Document, to read and agree to be bound by this Protective Order by endorsing the Certification attached hereto as Exhibit A. Counsel shall retain this Certification.

Protected Documents may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order:

A.     counsel representing the named parties in the above-captioned action,

PROTECTIVE ORDER ~ 8

and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

  B. any copying services hired by counsel to copy documents in bulk;

  C. the Court and any Court personnel;

  D. any person testifying, attending a deposition, designated as a witness, or scheduled for a deposition who is not a party or employee of a party;

  E. any person identified as having authored or having previously received the Protected Document;

  F. the parties and their client representatives, insurance carriers, and/or counsel for their insurance carriers for any purpose in this litigation;

  G. a party's current or former employees that a party deems necessary to the presentation or defense of claims in this litigation;

  H. a mediator retained by the parties; or

  I. consulting experts or expert witnesses whose review a party deems necessary to the presentation or defense of claims in this litigation.

  A party that files materials designated as Protected Documents under this Protective Order (or any pleading or memorandum purporting to reproduce such information) with the Court, and that seeks to have the record containing such information sealed, shall file a motion to seal with the Court, pursuant to Federal Rules of Civil Procedure ("FRCP") 5.2, as well as all other applicable FRCPs and relevant case law.

If a designating party files a Protected Document in Court and does not attempt to file it under seal, the document(s) in question will not be subject to this Protective Order. The mere filing of a Protected Document by a non-designating party does not remove the document from the protection of this Protective Order. It is anticipated that the parties will comply with the terms of this Protective Order when filing documents. However, if a non-designating party files a Protected Document, the non-filing party may seek appropriate relief from the Court to ensure protection under this Protective Order.

This Protective Order does not apply to information and/or documents that were obtained by or made available through means other than the discovery provisions of the Federal Rules of Civil Procedure. Such information and/or documents do not need to be filed under seal unless for good cause shown as determined by the Court.

**8. UNAUTHORIZED / INADVERTENT PRODUCTION OF PROTECTED DOCUMENTS**

A receiving party may use Protected Documents that are disclosed or produced by another party in connection with this action only for prosecuting, defending, or attempting to settle this litigation. All Protected Documents must be maintained in a manner reasonably calculated to preserve their confidentiality.

If a receiving party learns that, by inadvertence or otherwise, it has disclosed a Protected Document to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately: (a) notify in writing

PROTECTIVE ORDER ~ 10

the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Document; (c) inform the person(s) to whom the unauthorized disclosure was made of all the terms of this Protective Order; and (d) request that each such person(s) execute the Certification that is attached hereto as Exhibit A.

## 9. RIGHTS OF PARTIES

This Protective Order is without prejudice to the rights of any party to apply to the Court for any further protective order relating to any information and/or Confidential materials, or for an order permitting disclosure of any Confidential materials beyond the terms of this Protective Order.

Nothing in this Protective Order shall be considered a waiver of any objection, or response to objection, regarding discoverability, admissibility, or use of documents, information, or other material subject to this Protective Order.

Nothing in this Protective Order limits a party's use of its own Protected Documents or documents that were obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any other Protected Document under the terms of this Protective Order.

This Protective Order is not intended to govern the use of Protected Documents at or in connection with any hearing or trial of this action. All questions concerning the protection of a Protected Document used at or in connection with any hearing or trial shall be presented to the Court prior to or

the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Document; (c) inform the person(s) to whom the unauthorized disclosure was made of all the terms of this Protective Order; and (d) request that each such person(s) execute the Certification that is attached hereto as Exhibit A.

## 9. RIGHTS OF PARTIES

This Protective Order is without prejudice to the rights of any party to apply to the Court for any further protective order relating to any information and/or Confidential materials, or for an order permitting disclosure of any Confidential materials beyond the terms of this Protective Order.

Nothing in this Protective Order shall be considered a waiver of any objection, or response to objection, regarding discoverability, admissibility, or use of documents, information, or other material subject to this Protective Order.

Nothing in this Protective Order limits a party's use of its own Protected Documents or documents that were obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any other Protected Document under the terms of this Protective Order.

This Protective Order is not intended to govern the use of Protected Documents at or in connection with any hearing or trial of this action. All questions concerning the protection of a Protected Document used at or in connection with any hearing or trial shall be presented to the Court prior to or

during the hearing or trial as each party deems appropriate.

If a party is served with a subpoena or court order issued in other litigation that compels disclosure of anything designated a Protected Document in this action, that party must: (1) promptly notify the designating party in writing and include a copy of the subpoena or court order; (2) promptly notify in writing the party who caused the subpoena or court order to issue in the other litigation that some or all of the requested material is subject to this Protective Order; (3) send a copy of this Protective Order to the party in the other litigation; and (4) cooperate with reasonable procedures sought to be pursued by the designating party whose Protected Documents may be affected.

**10. PROCEDURES UPON TERMINATION OF LAWSUIT**

Within thirty (30) business days following any final settlement or the running of any applicable time to appeal a final order entered in this lawsuit, all parties shall either (i) return to the party or person who produced such materials all copies of all Protected Documents obtained through discovery in this action or otherwise, or (ii) certify to the producing party or person that all Protected Documents have been destroyed, except that counsel for each party may retain in its files one copy of each pleading, brief, or document filed with the Court, and deposition, trial transcripts and exhibits thereto, and correspondence, subject to the provisions of this Protective Order; or (iii) seek a Court order terminating this Protective Order and the need to return or destroy materials based upon the

interests of justice. Copies of Protected Documents that have been filed with the Court may be returned to the filing party by the Clerk of the Court, or destroyed.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** February 8, 2018.

*Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

PROTECTIVE ORDER ~ 13